UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MELINDA RAE ROTHENBERGER, | ) | CASE NO. 26-51669-sms |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| S. GREGORY HAYS. Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff | ) | ADVERSARY PROCEEDING |
| | ) | NO. 26-05097-sms |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**MOTION FOR DEFAULT JUDGMENT**

S. Gregory Hays, chapter 7 Trustee for Melinda Rae Rothenberger ("Debtor") and Plaintiff in the above-captioned Adversary Proceeding ("Trustee") moves for default judgment against JPMorgan Chase Bank ("Defendant") pursuant to Fed. R. Civ. P. 55 as incorporated by Fed. R. Bankr. P. 7055. In support of this Motion, Trustee shows the Court as follows:

1.      On February 6, 2026 (the "Petition Date"), Debtor filed her voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "Bankruptcy Code").

2.      Trustee was appointed as the interim Chapter 7 trustee in this case.

3.      The meeting of creditors was concluded on March 10, 2026. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

4.      At the commencement of the Bankruptcy Case, the bankruptcy estate of Debtor was created under 11 U.S.C. § 541(a) (together, the "Bankruptcy Estate") that includes all Debtor's

legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquired after commencement of the Bankruptcy Case.  11 U.S.C. § 541(a)(1) and (7).  Trustee is the sole representative of the Bankruptcy Estate.  11 U.S.C. § 323(a).

5.  On April 27, 2026, Trustee initiated the above styled adversary proceeding by filing the *Complaint for Turnover of Property* (the "Complaint") against Defendant (Adv. Pro. Doc. No. 1).

6.  On April 28, 2026, the *Summons* (Adv. Pro. Doc. No. 2) was issued on Defendant (the "Summons").

7.  On April 28, 2026, Trustee served Defendant with a copy of the Complaint and Summons by certified mail and regular first-class mail, postage prepaid, as evidenced by the *Certificate of Service of Summons and Complaint* (Adv. Pro. Doc. No. 3). Defendant was required to answer or otherwise respond to the Complaint no later than May 28, 2026, which is the first business days that is at least thirty (30) days after issuance of the Summons.

8.  Defendant has failed to file an answer or otherwise respond to the Complaint.

9.  On June 5, 2026, Trustee filed his *Request for Clerk's Entry of Default* (Doc. No. 4).

10.  On June 8, 2026, the Clerk of the Court entered default against Defendant.

11.  To date, no answer or defense has been pled or filed by Defendant.

**Entitlement to Judgment**
**Relief under 11 U.S.C. § 542(a)**

12.  A default constitutes an admission of all well-pleaded factual allegations contained in the complaint. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

13. Trustee's Complaint seeks turnover of certain property of the Bankruptcy Estate pursuant to 11 U.S.C. § 542(a), which provides "an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that debtor may exempt, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

14. The Complaint sets forth sufficient factual allegations as follows:

(i) On October 30, 2025, Pinnacle Business Funding, LLC ("Pinnacle") obtained a Judgment against Southpoint Financial Services, Inc. and Debtor in the Supreme Court of the State of New York, County of Kings, Index Number 531946/2025 (the "Judgment");

(ii) In response to an Information Subpoena and Restraining Notice from Pinnacle, on November 3, 2025, Defendant informed Pinnacle that the balance in account ending in 1607 jointly held by Debtor and her husband, Joseph Rothenberger (the "Account"), was $68,788.68;

(iii) On November 13, 2025, Pinnacle filed a Petition against Defendant in the Supreme Court of the State of New York, County of Nassau, Index Number 624649/2025 (the "Petition"), seeking to compel Defendant to pay to Pinnacle the funds in the Account;

(iv) On November 24, 2025, the Petition was served on Defendant;

(v) On December 10, 2025, Defendant placed a hold on the Account, resulting in the freezing of funds totaling $65,000.00 (the "Account Funds");

(vi)     On December 29, 2025, the Supreme Court of Nassau County denied the Petition on account of a failure of proper service; and

(vii)    The Account Funds are property of the Bankruptcy Estate; and

(viii)   The Account Funds are not of inconsequential value or benefit to the Bankruptcy Estate

15.      As property of the Bankruptcy Estate, Trustee may "use, sell, or lease" the Account Funds pursuant to 11 U.S.C. § 363(b)(1). "Section 542 empowers the court to compel an entity to deliver to the bankruptcy trustee any 'property that the trustee may use, sell or lease under Section 363 of this title . . . .' 11 U.S.C. § 542(a), '[b]y referring to section 363 . . . the drafters of section 542(a) made it clear that the turnover obligation applies to property of the estate." *In re William*, 2020 Bankr. LEXIS 3391 *10 (Bankr. N.D. GA 2020)(citing *Scarver v. Ellis* (*In re McKeever*), 567 B.R. 652, 663 (Bankr. N.D. Ga. 2017)).

16.      Defendant has failed to assert a defense to the Complaint or the request for turnover sought therein. Accordingly, Trustee is entitled to default judgment against Defendant for turnover of the Account Funds or to account for Account Funds or their value.

17.      If defendant fails to turnover the Account Funds or account for the Account Funds or their value, Trustee requests entry of a money judgment equal to the value of Account Funds. A money judgment is appropriate if Defendant fails to turnover the Account Funds or account for the Account Funds or their value. See, e.g., *Souther v. Tate* (*In re Tate*), 2015 Bankr. LEXIS 1294 (Bankr. S.D. GA 2015)(awarding money judgment when turnover is refused); *In re White*, 389 B.R. 693, 699 (B.A.P. 9th Cir. 2008)(affirming bankruptcy court's turnover order and money judgment for cash proceeds the debtor received that became property of the estate); *In re Forbes*,

58 B.R. 706, 707 (Bankr. S.D. Fla. 1986)(issuing money judgment in favor of trustee for proceeds of settlement that debtor refused to turn over).

WHEREFORE, Trustee prays that Court enter judgment in favor of Trustee and against Defendant:

(a) Compelling Defendant to turnover the Account Funds or account for the Account Funds or their value;

(b) Entering money judgment against Defendant, if appropriate; and

(c)  Granting such other relief as is appropriate.

Dated: June 10, 2026

<div style="margin-left:50%">

LAMBERTH, CIFELLI,
ELLIS & NASON, P.A.
*Attorneys for Trustee*

By: /s/ *G. Frank Nason, IV*
   G. Frank Nason, IV
   Georgia Bar No. 535160
   fnason@lcenlaw.com

</div>

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373

**Certificate of Service**

This is to certify that I have this day caused to be served a true and correct copy of the foregoing *Motion for Default Judgment* (the "Motion") upon those parties listed below by depositing same in the United States first class mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

JPMorgan Chase Bank
CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046-4805

JPMorgan Chase Bank
CFO, Jeremy Barnum
1111 Polaris Parkway
Columbus, OH 43240.

I certify that the Request was further served on the Vice-President & Assistant General Counsel for JPMorgan Chase Bank via electronic mail as follows:

Adam Moore          adam.moore@jpmchase.com

Dated: June 10, 2026

By: */s/ G. Frank Nason, IV*
G. Frank Nason, IV
Georgia Bar No. 535160

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, GA 30328
(404) 262-7373